UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENNETH E. FARMER,**

       **Plaintiff,**         **CIVIL ACTION NO. 14-cv-10083**

  vs.

                            **CHIEF JUDGE MATTHEW F. LEITMAN**

**COMMISSIONER OF**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff Kenneth Farmer seeks judicial review of Defendant the Commissioner of Society Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 17). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this Report and Recommendation pursuant to Eastern district of Michigan Local Rule 7.1(f)(2).

**I.    RECOMMENDATION:**

      The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 14) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 17) be GRANTED.

**II.    PROCEDURAL HISTORY:**

Plaintiff filed applications for Disability Insurance Benefits and for Supplemental Security Income with protective filing dates of May 25, 2011, alleging that he had been disabled since March 9, 2011, due to back pain and depression. (*See* TR 10, 12.) The Social Security Administration denied benefits, and Plaintiff requested a *de novo* hearing, which was held on June 19, 2012, before Administrative Law Judge (ALJ) Earl Witten, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 10-18.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

### III. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND VOCATIONAL EXPERT'S TESTIMONY

#### A. Plaintiff's Testimony and Medical Record

As noted, Plaintiff's claims for benefits arise out of his back-related ailments and his alleged depression.[1] Plaintiff's Motion sets forth a short procedural history of this matter but does not include a statement of facts related to his medical record or his testimony; instead, Plaintiff includes citations to his medical record throughout his argument. (*See* docket no. 14.) Defendant (docket no. 17 at 4-10) and the ALJ (TR 14-16), however, each set out a factual background related to Plaintiff's medical record and hearing testimony. The undersigned finds that there are no inconsistencies between Defendant's statements, the ALJ's findings, and Plaintiff's references to his medical record; thus, the Court will incorporate them by reference. Nevertheless, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and

---

[1] While the ALJ found that Plaintiff suffered from degenerative disc disease of the lumbosacral spine and set forth several related limitations, Plaintiff's Motion challenges the ALJ's findings only with regard to his mental impairments.

Recommendation.

### C. Vocational Expert's Testimony

The ALJ asked the VE to summarize Plaintiff's past work experience. (TR 52-53.) The ALJ then asked the VE to assume that he found Plaintiff's Residual Functional Capacity as follows:

> . . . [Plaintiff] has a maximum sustained exertional work capacity to perform light work as that is defined in the regulations.
>
> In order to perform that work there should be no overhead work, no use of foot controls, occasionally bending, twisting and turning. No climbing, crawling, squatting or kneeling. No use of air or vibration tools.
>
> No working around dangerous machinery or at heights. Jobs should be considered simple, repetitive, SVP 1, to 2, type jobs.

(TR 53.) The ALJ asked the VE "what jobs would be available for an individual who's considered younger under the regulations?" (TR 53.) The VE testified that such an individual could perform bench assembly work (with about 3,000 jobs in the lower half of Michigan), and inspection jobs (with about 2,500 jobs in the lower half of Michigan). (TR 53.) The VE added that such an individual could also perform about 2,500 packing jobs, about 2,500 surveillance system monitor jobs (which were sedentary in nature), and about 2,500 cashier jobs (which were light in nature). (TR 53.)

The ALJ then asked the VE if the number of jobs would be impacted by a sit-stand requirement. (TR 54.) The VE testified that all of the jobs except the surveillance system monitor job would be reduced by 25%. (TR 54.) Next, the ALJ asked the VE if there were any additional sedentary jobs that such an individual could perform. The VE added 3,000 order-clerk jobs and 2,500 telephone-clerk jobs. (TR 54.) The VE then testified that if Plaintiff's alleged symptoms were fully credited, there would be no jobs available that he could perform. (TR 54-55.) The VE told the ALJ that his testimony was consistent with the Dictionary of Occupational Titles, with the exception

of the sit-stand option limitation, which was based on the VE's experience. (TR 55.) Plaintiff's counsel did not ask the VE any additional questions.

## IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2013; that Plaintiff had not engaged in substantial gainful activity since March 9, 2011, his alleged onset date; and that Plaintiff suffered from severe degenerative disc disease of the lumbosacral spine and depression. (TR 12.) The ALJ further found that Plaintiff's impairments did not meet or equal one of the listed impairments. (TR 13-14.)

The ALJ then determined that Plaintiff had the following residual functional capacity:

> [C]laimant has the residual functional capacity to perform simple, repetitive, SVP 1-2 type sedentary work . . . with an at-will sit-stand option; with no overhead tasks; with lifting only at waist and chest levels; with no use of foot controls; with no more than occasional bending, twisting, or turning; with no climbing, crawling squatting, or kneeling; with no use of air or vibratory tools; and with no work around dangerous machinery or at heights.

(TR 14.) Then, in reliance on the VE's testimony, the ALJ found that Plaintiff could perform a significant number of jobs in the national economy, specifically those of a surveillance system monitor (2,500 regional jobs), order clerk (3,000 regional jobs), and telephone clerk (2,500 regional jobs). (TR 17.) Therefore, the ALJ found that Plaintiff was not disabled from March 9, 2011, through the date of his decision. (TR 17-18.)

## V.     LAW AND ANALYSIS

### A.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal

4

standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

  **B.**  **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)  Plaintiff was not presently engaged in substantial gainful employment; and

(2)  Plaintiff suffered from a severe impairment; and

(3)  the impairment met or was medically equal to a "listed impairment;" or

(4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past

work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C.     Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at

*8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be remanded under sentence four because (1) the ALJ failed to properly evaluate the opinion of the state consultative psychological examiner; and (2) the ALJ improperly relied on the VE's testimony where the VE provided only "reasoning level 3 jobs" and Plaintiff was limited to simple, repetitive tasks. (Docket no. 14.)

**1.     The ALJ's Consideration of the State Consultative Examiner's Opinion**

As noted, with regard to his mental impairments, the ALJ limited Plaintiff to "simple, repetitive, SVP 1-2 type" work. Plaintiff asserts that the ALJ's determination was in error because he failed to properly consider the opinion of state consultative examiner Leonard McCulloch, who diagnosed Plaintiff with major depression with suicidal ideation, anxiety disorder, and a GAF Score of 50. (TR 445.) Dr. McCulloch opined that Plaintiff had moderate limitations in his ability to understand, remember, and carry out simply instructions; moderate limitations in his ability to respond appropriately to supervisors and co-workers and adapt to changes in a work setting; and moderate limitations in his ability to perform work-related activities in a reliable, consistent, and persistent manner. (TR 445.) In reaching his conclusion, the ALJ discussed this opinion:

> As to the claimant's allegation of depression, the undersigned notes . . . that there is no evidence of any treatment for any mental condition. Although the consultative psychological examiner . . . did give some mental diagnoses and stated that the claimant had some limitations as a result, there is no objective medical evidence to support such limitations and the psychologist's observations of the claimant noted very few significant abnormalities. The diagnoses and limitations that were given, appear, essentially, to be based on the claimant's own statements to the psychologist, as opposed to any other evidence of record.

(TR 15.) The ALJ then discussed Plaintiff's hearing testimony before noting that "none of the doctors who have seen or examined the claimant have expressed a credible opinion that the claimant is totally disabled or in any way limited to a greater degree than that found by [the ALJ]." (TR 16.)

Plaintiff argues that this matter should be remanded because the ALJ failed to assign a weight to Dr. McCulloch's opinion and failed to provide a sufficient explanation for his failure to adopt the opinion. (Docket no. 14 at 6-9.) Additionally, Plaintiff asserts that the ALJ's use of the word "appear" in his analysis means that the ALJ was merely speculating with regard to his rationale.[2] (*Id.* at 9-10.)

The ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). But it is equally well settled that the ultimate issue of disability is reserved to the Commissioner and not the treating or examining physician. *Kidd v. Comm'r*, 283 Fed. Appx. 336, 341 (6th Cir. 2008). Thus, when a medical or non-medical source offers an opinion on "an issue reserved to the Commissioner, such as whether the claimant is disabled, the ALJ need not accord that opinion controlling weight." *Id.* (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)). The opinion of an examining source is generally accorded more weight than is the opinion of a source who did not examine the claimant. 20 C.F.R. § 404.1527(c)(1). The opinion of a state agency medical or psychological consultant is reviewed in the same manner as is the opinion of a nonexamining physician or psychologist. 20 C.F.R. §404.1527(e). Notably, though, while the ALJ must give good reason for the decision not to adopt the opinion of a treating physician, such a rationale is not required for a non-treating or examining

---

[2]Plaintiff also alleges that the ALJ erred in not including additional limitations in his questions to the VE. (Docket n. 14 at 9.) As Defendant asserts, however, in a hypothetical question posed to the VE, an ALJ is required to incorporate only those limitations he finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993). It is undisputed that the ALJ included all of the limitations that he found credible in Plaintiff's RFC; and he included all of those same limitations in his hypothetical questions to the VE. Thus, Plaintiff's argument is merely a secondary challenge to the ALJ's RFC finding.

8

source. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875-67 (6th Cir. 2007). As Defendant notes, the ALJ was only required to "weigh[] the[] opinion[] based on the examining relationship (or lack thereof), specialization, consistency, and supportability" of the opinion. *Gayheart v. Comm of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

While Plaintiff is correct that the ALJ did not plainly state the weight that he gave to Dr. McCulloch's opinion, he is under no such obligation. The regulations require the ALJ to be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the . . . opinion and the reasons for that weight." *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (citing Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)). The undersigned agrees with Defendant that the ALJ's finding that "none of the doctors who have seen or examined the claimant have expressed a credible opinion that the claimant is . . . in any way limited to a greater degree than that found by the ALJ" is sufficiently specific to show that he gave Dr. McCulloch's opinion no weight. And in finding so, the ALJ considered the consultative nature of the examination, Dr. McCulloch's specialization, and the lack of objective evidence supporting the opinion.

Although Plaintiff points to his "lifelong history of depression" which had "significantly worsened in recent years due to his inability to work" (docket no. 14 at 10), the ALJ's opinion acknowledges these allegations but finds that Dr. McCulloch's opinion is not supported because there is no evidence aside from Plaintiff's own statements to support his claims. Plaintiff does point to evidence in support of his argument, but regardless of the ALJ's use of the word "appear," his decision is supported by substantial evidence. Therefore, the undersigned finds that this matter falls within the ALJ's "zone of choice," and that the ALJ's determination should not be disturbed.

**2.     The ALJ's Reliance on the VE's Testimony**

9

Plaintiff also argues that the ALJ's reliance on the VE's testimony is flawed because the ALJ limited Plaintiff to simple, repetitive, SVP 1 to 2 type tasks, but the jobs listed by the VE all required "Reasoning level 3," which Plaintiff asserts is in conflict with simple, repetitive work. (Docket no. 14 at 13-16.) Plaintiff asserts that the ALJ erred in not resolving this conflict. (*Id.*)

Notably, the Sixth Circuit has recently rejected a similar argument because there is "no authority for the proposition that jobs requiring reasoning levels two or three are inconsistent as a matter of law with a limitation to simple work" and because "neither the Commissioner nor the VE has an obligation to employ the DOT . . . [or] to align DOT 'reasoning levels' with RFC classifications." *See, Monateri v. States District Comm. Of Soc. Sec.*, 436 App'x 434, 446 (6th Cir. 2011). But even assuming, *arguendo*, that Plaintiff's reasoning-level argument has merit, the VE testified that someone who matched the ALJ's RFC determination could perform work in the positions noted. And "'nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct.'" *Wilson v. Comm'r*, No. 10-13828, 2011 WL2607098, *6 (E.D. Mich. July 1, 2011) (Cohn, J.) (quoting *Martin v. Comm'r*, 170 F. App'x 369, 374 (6th Cir. 2006)). Plaintiff had a full and fair opportunity to cross examine the VE at his hearing and chose not to do so. For these reasons, Plaintiff's Motion should be denied..

## VI.    CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 14) should be DENIED, and Defendant's Motion for Summary Judgment (docket no. 17) should be GRANTED.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: February 23, 2015            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

11

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: February 23, 2015          s/ Lisa C. Bartlett
                                  Case Manager